No. 978

First Circuit

MORRIS v. MILLER

(May 3, 1932. Opinion and Decree.)

S. S. Reid, of Amite, attorney for plaintiff, appellant.

Ellis, Ellis & Ellis, of Amite, attorneys for defendant, appellee.

ELLIOTT, J. B. W. Morris alleges that by sale made on June 14, 1930, he sold and delivered to N. E. Miller an automobile for the price and sum of $610, and that he, at the same time, advanced to said Miller the sum of $9.55 for the purpose of purchasing a license for said car,

a total of $619.55. That said Miller owes him the amount, and that amicable demand has been made in vain.

The defendant Miller admits receiving the automobile from the plaintiff, but alleges that he gave in payment and exchange for same a certificate of deposit in Farmers' Bank of Osyka, No. 4262, bearing date October 22, 1929, for $600. That said certificate was in complete payment and exchange for said automobile. He denies owing plaintiff anything on said account. There was judgment in favor of defendant rejecting plaintiff's demand. The plaintiff has appealed.

The question is whether the parties entered into a sale or an exchange. They both admit that on October 9, 1930, which was three months and twenty-five days after the date of the transaction in question, the Farmers' Bank of Osyka closed its doors.

The certificate was produced on the trial and offered in evidence. So far as concerns its form, it says on its face: "* * * N. E. Miller has deposited in this bank $600.00 payable to the order of himself or Mrs. Beulah Miller in current funds on the return of this certificate properly endorsed 12 months after date, with interest at 4 per cent per annum.— No interest after maturity. Not subject to check." Mr. Morris, giving his version of the transaction says:

"He came in one day with his family and said he had decided he would take the car, so I sold it to him and he gave me a certificate, that there, for the amount of this car and this certificate was endorsed by him and Mrs. Miller in payment for it and there was an amount of interest which would be due on this certificate that he said would be due at a certain day. So he made arrangements with me that if I would pay the license for him, that part of the interest would take care of that on this sale."

Mr. Morris was further examined, and testified at length, but the above excerpt is the substance and effect of his contention on the subject. Mrs. Morris, wife of plaintiff, testified in the case but her testimony adds nothing to the claim of her husband.

Mr. Miller's version of the transaction is as follows:

"I asked him, what is the price of that car and he said $610.00 and I said, Well now, here is what I've got. Showing him the duplicate (should be certificate) there and it is all I've got to put in a car. I want the car put on the road with license plate and everything for that certificate. And he said I will do it."

His testimony continues, but the above excerpt is the substance and effect of his contention on the subject. The testimony of Miller was corroborated by Mr. Angelin, an employee of Morris at the time, working in his garage and who assisted him in negotiating with Miller. Mr. Angelin says:

"They went up and looked at the car and I went with them. Mr. Miller had already told us about this deposit slip he held, that he had to pay for the car with. So he told Mr. Morris, I cannot. * * * He pulled out his pocket book and got the slip out and said, This is all I've got, will you put this car on the road for this? And he said yes."

There was further examination, but the above is the substance of what he said.

The preponderance of the evidence indicates that the agreement was an exchange. Morris received the certificate of deposit and gave in exchange for it an automobile, which Miller on his part received and drove home. Civ. Code, art. 2660; Shuff v. Cross, 12 Mart. (O. S.) 89. An exchange of things such as these parties made is not subject to lesion. Civ. Code, art. 1863.

There is no contention on the part of

the plaintiff that defendant warranted the payment of the certificate at its maturity. Consequently, we do not discuss that subject, except to say that nothing indicates that the certificate was not good at the time of the transaction.

The judgment appealed from is correct.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.